NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAMILLA F. TILLE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN P. KAPLAN,<br><br>Defendant. | No. 25cv14903 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

*Pro se* Plaintiff Kamilla Tille has filed a complaint which the Court construes as a Motion for a Temporary Restraining Order and Preliminary Injunction under Federal Rule of Civil Procedure 65. D.E. 1 ("TRO"). Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-2 ("IFP Application"). For the reasons explained below, the Court will **DENY** Plaintiff's TRO and **GRANT** Plaintiff's IFP Application.

I.   BACKGROUND

As best as the Court can discern, Plaintiff alleges that in 2020, Defendant John Kaplan took explicit photographs of Plaintiff while she was on the toilet and later sent those images to Plaintiff. TRO at 9.[1] Plaintiff did not authorize Defendant to take, possess, or distribute these images.[2] *Id.* Defendant sent Plaintiff these images (as well as an unsolicited graphic photo of Defendant's naked body) from both a professional email address as well as a private email address. *Id.* at 12. Defendant "bragged" he stored these images in a Google album he shared with his ex-wife. *Id.* Defendant has allegedly sent images of other women to Plaintiff without her consent as well. *Id.*

---

[1] For ease of reference, the Court uses the page numbers generated by CM/ECF.

[2] It is not clear whether all of these images were of Plaintiff in the bathroom and specifically what the photos captured.

Defendant is an attorney in New Jersey and former municipal prosecutor. *Id.* at 9. Plaintiff reported these incidents to the New Jersey Lawyers' Ethics Committee, but her complaint was dismissed on procedural or jurisdictional grounds. *Id.* at 10. Plaintiff also submitted evidence to a New Jersey state court of these images although a Final Restraining Order ("FRO") was issued against *her*, not Defendant. *Id.* at 9-10. Defendant allegedly obtained the FRO against Plaintiff is retaliation for her complaints against him. *Id.* at 13. Defendant's conduct has caused Plaintiff significant financial harm, emotional distress, and reputational damage. *Id.*

Based on the above, Plaintiff asserts multiple causes of action across the TRO: violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 (including abuse of process, malicious prosecution, retaliation, and deprivation of rights without due process); intentional infliction of emotional distress ("IIED"); invasion of privacy; and violation of 15 U.S.C. § 685[1] (Nonconsensual distribution of intimate images).[3] *Id.* at 7, 13. Plaintiff also requests various forms of relief including compensatory and punitive damages as well as injunctive relief preventing: (1) further dissemination of Plaintiff's images; (2) Defendant's filing of additional

---

[3] Congress provided as part of the Violence Against Women Act Reauthorization of 2022 a civil action for the disclosure of persons' "intimate visual depictions" without their consent:

> [A]n individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief.

15 U.S.C. § 6851 (the Civil Action Relating to Disclosure of Intimate Images ("CARDII")). In addition, individuals who file claims under this statute may recover damages in addition to equitable relief. *Id.* § 6851(b)(4). The Court construes Plaintiff's TRO as arising under CARDII as Plaintiff does not allege facts concerning any other cause of action.

malicious or retaliatory legal actions; and (3) Defendant contacting or harassing Plaintiff directly or indirectly. *Id.* at 7-8, 13.

## II.  LEGAL STANDARD

Granting preliminary injunctive relief such as a TRO "is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)).  The Court construes Plaintiff's filings liberally because she is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

To obtain injunctive relief, the moving party must show: "(1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transom. Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)).  In addition, "the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Id.* (quoting *Del. River Port Auth.*, 501 F.2d at 920).

The first two factors—likelihood of success on the merits and irreparable harm—are considered the "most critical" factors. *Id.* at 179 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.*

Federal Rule of Civil Procedure 65(b) governs the issuance of TROs without notice to the adverse party. A court may issue a TRO *ex parte* only if: "(A) specific facts in an affidavit or a

3

verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant . . . certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

### III. ANALYSIS

As an initial matter, Plaintiff has failed to comply with the notice requirement of Fed. R. Civ. P. 65(b)(1). Plaintiff has not certified in writing any effort made to give notice of this filing and the reasons why it should not be required.

It has also not been established that an *ex parte* TRO is warranted because "[Plaintiff] does not allege facts indicating that [Defendant] will share the explicit depictions of her if he learns of this lawsuit before the Court issues a TRO." *Doe v. Alame*, No. 25-329, 2025 WL 476257, at *3 (N.D. Tex. Feb. 12, 2025). Nor has Plaintiff alleged that Defendant has a pattern or practice of retaliating such that Defendant will further disseminate photos of Plaintiff once he is put on notice of this case, which might indicate that notice should not be given to the defendant. *Id.* (citing *Doe v. Unknown Party*, No. 24-252, 2024 WL 492231, at *3 (D. Ariz., Feb. 7, 2024)). For instance, along these lines a court found an *ex parte* TRO appropriate where the plaintiff alleged that "absent emergency relief, there [was] an imminent risk of [d]efendant continuing to publish Plaintiff's nude photos" and that there was "a substantial risk that [d]efendant will retaliate against Plaintiff again by making further disclosures once he is served and put on notice in this case." *Broadrick v. Gilroy*, No. 24-1772, 2024 WL 4723332, at *1 (D. Conn. Nov. 9, 2024) (internal citation omitted). Unlike the plaintiff in *Broadrick*, Plaintiff has made no such allegations here regarding

4

Defendant's ongoing conduct.[4]  Because Plaintiff has failed to establish that an *ex parte* TRO is warranted, the Court will **DENY** her TRO.  *See Alame*, 2025 WL 476257, at *3.

Relatedly, Plaintiff's TRO also fails because she cannot make a threshold showing of immediate irreparable harm.  "A plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Continental Grp. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)).  "A showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a 'clear showing of *immediate* irreparable harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (citation modified).

Plaintiff has failed to identify any *immediate* injury that warrants injunctive relief.  While the Court is mindful that other courts have found irreparable harm in similar actions, the allegations in those matters regarding imminent irreparable injury were more clear than Plaintiff's here.  *See, e.g.*, *Doe v. Constant*, 2024 WL 3512136, at *3 (W.D. La. July 23, 2024) (finding irreparable harm when the defendant was "continuing to attempt to engage Plaintiff without her consent and [was] likely to escalate to further disclosure of her intimate visual depictions in the future").  Plaintiff has alleged no facts that would allow the Court to conclude that Defendant is actively sharing images of Plaintiff or that he is threatening to in the near future.  Without such allegations, the Court cannot conclude that there is a threat of immediate irreparable harm.

"Injunctive relief will not be granted merely to allay the fears and apprehensions or to soothe the anxieties of the parties." *Zokaites v. Land-Cellular Corp.*, 424 F. Supp. 2d 824, 832 (W.D. Pa. 2006).  "'Establishing a *risk* of irreparable harm is not enough.'" *Miller v. Little*, No.

---

[4] In fact, it is not clear to the Court the last time that Defendant allegedly disseminated any photos of Plaintiff or whether Defendant has shared the photo of Plaintiff with anyone else besides Plaintiff.

21-1941, 2022 WL 2070282, at *1 (M.D. Pa. June 8, 2022) (quoting *ECRI*, 809 F.2d at 226) (emphasis added in *Miller*). The Supreme Court has made clear that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Plaintiff has failed to meet this high bar and therefore her TRO is **DENIED**.[5]

## IV.   IFP APPLICATION

Finally, the Court addresses Plaintiff's IFP Application. Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff states she is not employed and has no income other than under $500 in monthly public assistance. IFP Application at 2, 5. Plaintiff also has approximately $2,000 in monthly expenses and $10 in a bank account. *Id.* at 205. Because she demonstrates financial need, the Court will **GRANT** Plaintiff's IFP Application.[6]

---

[5] Because Plaintiff fails to show irreparable injury, the Court does not analyze whether Plaintiff has a likelihood of success on the merits of his claims. *See Reilly*, 858 F.3d at 176. Nevertheless, the Court notes that Plaintiff would benefit from meaningfully adding to her allegations. Among other things, the Court recommends Plaintiff review the elements of each count of her complaint, including her CARDII claim, and allege facts that support those claims. For example, it is not clear to the Court in what context Defendant obtained these images of Plaintiff, what exactly is depicted in these images, whether Plaintiff has distributed the images to others, when Defendant last shared these images, or whether Defendant is threatening to send these images now. In addition, Plaintiff has not established what image is included in the screenshot of the text with "John" and who are the sender and recipient of those images. D.E. 1-1 at 6. Without these allegations, the Court has little to rely on to find Plaintiff would succeed on the merits of any claim.

[6] Courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). The Court will defer its screening of Plaintiff's other claims at this time.

V.  **CONCLUSION AND ORDER**

Accordingly, having considered the TRO and all related items on the docket, and having determined that oral argument is not needed,

**IT IS**, on this **27th** day of August 2025, for the reasons set forth above,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-2, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's TRO, D.E. 1, is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall send Plaintiff a copy of this Order by regular U.S. mail.

                                                                                                  */s/ Evelyn Padin*
                                                                                                  Evelyn Padin, U.S.D.J.