**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAMILLA TILLE,<br>Plaintiff,<br>v.<br>JOHN KAPLAN,<br>Defendant. | No. 25cv14903 (EP) (MAH)<br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Kamilla Tille brings this action against Defendant John Kaplan, whom she knew personally and who allegedly provided her legal advice and assistance. D.E. 32 ("Third Amended Complaint" or "TAC") ¶¶ 10, 13, 26, 94. The Court previously granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), denied her request for a temporary restraining order, and deferred screening under 28 U.S.C. § 1915(e)(2)(B). D.E. 4 at 1, 6 & n.6.

In substance, Plaintiff alleges that Defendant secretly created and disclosed intimate images of her without consent and later used a state court restraining order to silence or retaliate against her. TAC ¶¶ 14–23, 36–40. She advances ten federal and state claims arising from those events, including a federal intimate image claim under 15 U.S.C. § 6851 and an alternative civil rights claim under 42 U.S.C. § 1983. *Id.* ¶¶ 51–103.

For the reasons below, the Court will **DISMISS** Count I ***with prejudice*** insofar as it relies on alleged disclosures before October 1, 2022, and otherwise ***without prejudice***; **DISMISS** Count X ***without prejudice***; decline supplemental jurisdiction over Counts II through IX; and permit one final, limited amendment.

## I. BACKGROUND

### A. Factual Background

Plaintiff alleges that she and Defendant knew each other personally in 2020 and that Defendant held himself out as a New Jersey attorney, former municipal prosecutor, and person familiar with court, real estate, and reverse mortgage matters. TAC ¶¶ 5, 10. She further alleges that Defendant drafted and notarized a letter for her and later provided legal advice concerning her former husband. *Id.* ¶¶ 13, 26.

The TAC alleges that Defendant photographed Plaintiff on the toilet without her consent on August 16, 2020, later possessed or transmitted that image, and sent or disclosed additional nude images of Plaintiff during September 2020. *Id.* ¶¶ 14–15, 17, 20–22. Plaintiff also alleges that Defendant sent her an unsolicited explicit image of himself on August 30, 2020, used her underwear in a sexualized manner on September 14, 2020, and grabbed her breasts in public on October 5, 2020. *Id.* ¶¶ 16, 19, 23.

Plaintiff alleges that Defendant later obtained a Final Restraining Order ("FRO") against her and used the order and related proceedings to silence, intimidate, and retaliate against her. *Id.* ¶¶ 36–37. Plaintiff's June 2025 motion to vacate identifies the state matter as Morris County Docket No. FV-14-000158-22. D.E. 11 ("Sealed Exhibits" or "Sealed Exs.") at 53.[1]

The TAC alleges that photographs or other image materials were uploaded to the Morris County proceeding in July 2025, but it does not identify the uploader. TAC ¶ 39. In a July 21, 2025 email included in the Sealed Exhibits, Plaintiff told court staff that the state judge had asked her to upload one nude image during the FRO hearing and that she had complied. Sealed Exs. at

[1] Plaintiff filed the Sealed Exhibits as exhibits to D.E. 10, her "Second Amended Complaint."

61. The Sealed Exhibits also contain a June 19, 2025 email from court staff sending Plaintiff instructions for uploading photo evidence. *Id.* at 66.

Counts I and X respectively assert federal claims under 15 U.S.C. § 6851 and 42 U.S.C. § 1983. TAC ¶¶ 51–57, 99–103. Counts II through IX assert New Jersey statutory or common law claims for nonconsensual reproduction and disclosure of images, invasion of privacy, intentional infliction of emotional distress, abuse of process, assault and battery, negligence, false light and defamation, and misrepresentation and breach of fiduciary duty. *Id.* ¶¶ 58–98.

**B. Procedural History**

Plaintiff filed the original complaint and IFP application on August 25, 2025. D.E. 1; D.E. 1-2. Two days later, the Court granted Plaintiff IFP status, denied her motion for a temporary restraining order for lack of immediate irreparable harm, and deferred a merits screening. D.E. 4 at 5–6 & n.6.

In denying emergency relief, the Court noted that Plaintiff failed to allege, among other things, when Defendant last disclosed an image, whether he had disclosed an image to anyone other than Plaintiff, whether he was currently threatening disclosure, and who sent and received the communications on which she relied. *Id.* at 6 n.5. Plaintiff thereafter filed a first amended complaint, a Second Amended Complaint, and the Sealed Exhibits. D.E. 7; D.E. 10; D.E. 11.

On September 30, 2025, Judge Michael A. Hammer, U.S.M.J., granted Plaintiff's motion for pro bono counsel after finding only that the Second Amended Complaint had sufficiently arguable merit at that preliminary stage and without opining on the ultimate merits. D.E. 12 ("PBC Opinion") at 4; D.E. 13. Fisher & Phillips LLP was later appointed as pro bono counsel and appeared for Plaintiff. D.Es. 17–20. The Court granted counsel's request to withdraw on April 17, 2026, and denied Plaintiff's request for replacement counsel. D.E. 24; D.E. 28.

After two extensions, Plaintiff filed the TAC on June 22, 2026. D.E. 28; D.E. 31; D.E. 32. The Court therefore now screens the TAC under Section 1915(e)(2)(B). D.E. 35.[2]

## II. LEGAL STANDARD

After granting leave to proceed IFP, a court must dismiss a complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A complaint is legally frivolous when it rests on an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

The standard under Section 1915(e)(2)(B)(ii) is the same as under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A complaint must contain enough factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts, but not legal labels, unsupported conclusions, or speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

Federal Rule of Civil Procedure 8 also requires “a short and plain statement of the claim showing that the pleader is entitled to relief.” Fed. R. Civ. P. 8(a)(2). A complaint may be dismissed when it is so confused, vague, or unintelligible that its substance is hidden. *Muhammad v. U.S. Bd. of Governors Postal Sys.*, 574 F. App’x 74, 74 (3d Cir. 2014).

Because Plaintiff proceeds *pro se*, the Court construes the TAC liberally and applies the relevant legal principles even if Plaintiff does not use the correct name for a claim. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Liberal construction, however, does not allow the Court to invent

[2] The Court previously advised Plaintiff that she could pay the filing fee rather than proceed IFP. D.E. 21. Payment alone would not revive the claims dismissed by this Memorandum Order.

facts or a federal right that the operative pleading does not plausibly allege. *See id.*; *Iqbal*, 556 U.S. at 678.

## III. ANALYSIS

The Court accepts Plaintiff's well-pleaded allegations for screening and recognizes the serious nature of the alleged nonconsensual creation and disclosure of intimate images. TAC ¶¶ 14–23. Nevertheless, the present question for the Court to decide is narrower: whether the TAC plausibly alleges a claim under Section 6851 or Section 1983. As explained below, it does neither.

### A. Plaintiff Fails to State a Section 6851 Claim (Count I)

Section 6851 authorizes a civil action when an individual's intimate visual depiction is disclosed, in or affecting interstate commerce or using a means or facility of interstate commerce, without that individual's consent, by a person who knows or recklessly disregards the lack of consent. 15 U.S.C. § 6851(b)(1)(A). The provision became effective on October 1, 2022. Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, div. W, § 4(a), 136 Stat. 840, 846 (2022). A statute does not attach new legal consequences to conduct completed before its effective date unless Congress clearly directs otherwise. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994). Nothing in Section 6851 or its effective date provision directs retroactive application. 15 U.S.C. § 6851; Pub. L. No. 117-103, div. W, § 4(a), 136 Stat. at 846.

The TAC's specifically dated disclosures occurred in August and September 2020. TAC ¶¶ 15, 17, 20–22. Those events predate Section 6851's effective date by more than two years and therefore cannot support liability under that statute given the statute is not applied retroactively.

Plaintiff's post-effective date allegations are insufficient for a different reason. Paragraph 39 of the Third Amended Complaint, written in passive voice, states only that "photographs or

other image materials were uploaded" to the Morris County proceeding in July 2025; it does not identify the uploader, the image, the recipient, or any act by Defendant. TAC ¶ 39. Paragraph 40 lists several possible acts—possessing, storing, transferring, displaying, disclosing, threatening to disclose, or making images accessible—from 2020 through 2025, but identifies no particular post-October 1, 2022 disclosure by Defendant. Describing a range of possible conduct as continuing through 2025 does not supply the missing factual allegation that Defendant made a disclosure after the statute took effect. *Id.* ¶ 40. Section 6851 creates a cause of action against the person who made the disclosure, not for possession or an unspecified threat alone. 15 U.S.C. § 6851(b)(1)(A).

Even assuming without deciding that the Court may consider the Sealed Exhibits on screening, they do not cure that omission. Plaintiff represented that the state judge directed *her* to upload one nude image and that she complied, and court staff separately sent Plaintiff the upload instructions. Sealed Exs. at 61, 66. Those materials identify Plaintiff, rather than Defendant, as the person who complied with the upload request described in the email. *Id.* In any event, the July 2025 theory fails on the face of the TAC because paragraph 39 does not allege that Defendant made the upload. TAC ¶ 39.

Count I therefore fails to state a claim under Section 6851. As a matter of law, no amendment can bring the completed 2020 disclosures within the statute, which took effect in 2022. Thus, Count I is incurable insofar as it rests on conduct completed before October 1, 2022, and those claims will be **DISMISSED** ***with prejudice***. However, because Plaintiff could in theory amend her pleading to include a post-effective-date disclosure, the remainder of Count I is **DISMISSED** ***without prejudice***.[3]

[3] The Court cautions Plaintiff to assert this claim only if she has a good faith basis to allege facts showing that Defendant made an actionable disclosure after October 1, 2022.

### B. Plaintiff Fails to State a Section 1983 Claim (Count X)

Section 1983 requires a plaintiff to allege both a deprivation of a federal right and that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff plainly fails to plead any involvement of a state actor. A private attorney like Defendant does not become a state actor merely because he is an officer of the court or invokes generally available judicial procedures. *Angelico v. Lehigh Valley Hospital, Inc.*, 184 F.3d 268, 277–78 (3d Cir. 1999). Moreover, a state court's routine acceptance of filings, conduct of hearings, and entry of an order do not themselves establish the joint action Section 1983 requires. *See id.* at 277–78. A private party instead must have acted jointly with the State or obtained significant aid from state officials in carrying out the challenged conduct. *Id.* at 277.

Indeed, the TAC alleges that Defendant is a private attorney and former municipal prosecutor who used his legal status, knowledge, and relationships to obtain and use the FRO. TAC ¶¶ 5, 36–37, 100–102. But it identifies no state official who agreed with Defendant to violate Plaintiff's rights, no concerted act, no exercise of prosecutorial authority, and no other facts showing significant state assistance. Defendant's former municipal title is not germane: the TAC does not allege that he exercised prosecutorial authority in this dispute. *Id.* ¶¶ 99–103. Judge Hammer previously noted the same distinction: the alleged misuse concerned Defendant's private pursuit of a restraining order, not conduct undertaken in his former municipal prosecutor role. PBC Opinion at 4 n.2.

Because the TAC alleges only private resort to court process, Count X does not plausibly allege state action. TAC ¶¶ 99–103. Because state action is an essential element of a Section 1983 claim, the Court need not decide whether the TAC otherwise identifies a particular constitutional

deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Accordingly, Count X will be **DISMISSED *without prejudice***.[4]

### C. The Court Declines Supplemental Jurisdiction over Counts II Through IX

Counts II through IX arise under New Jersey law. TAC ¶¶ 58–98. When all claims supporting original jurisdiction are dismissed before trial, a district court ordinarily should decline supplemental jurisdiction unless judicial economy, convenience, or fairness affirmatively justifies retention. 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). Applied here, that rule warrants declining exercising supplemental jurisdiction over Plaintiff's claims based in state law: this case remains at the pre-service screening stage, Defendant has not appeared, and no merits discovery has occurred. D.E. 6; D.E. 35. No countervailing consideration supports retaining the state claims. The Court therefore does not reach the merits of those claims. Counts II through IX therefore will be **DISMISSED *without prejudice*** to whatever relief may be available in state court.

### D. Plaintiff Will Receive One Final, Limited Opportunity to Amend

A *pro se* litigant ordinarily should receive leave to amend unless amendment would be inequitable or futile. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108, 114 (3d Cir. 2002). Plaintiff has amended three times, and the Court previously identified the need for facts showing when Defendant last disclosed an image, to whom, and whether he was presently threatening disclosure. D.E. 4 at 6 n.5; D.E. 7; D.E. 10; D.E. 32. Those circumstances weigh against another unrestricted opportunity to amend.

---

[4] The Court likewise cautions Plaintiff to replead this claim only if she has a good faith basis to allege that Defendant acted jointly with the State or obtained significant aid from state officials in carrying out the challenged conduct.

Still, amendment is not wholly futile. A specific disclosure by Defendant after October 1, 2022, or concrete joint action with an identified state actor, could present a materially different pleading. The Court will therefore permit one final, limited amendment within forty-five days. That leave does not permit Plaintiff to repackage the completed 2020 conduct as a Section 6851 claim or repeat the same conclusory state action allegations.

Any Fourth Amended Complaint must be complete in itself and may not rely on prior pleadings or exhibits to supply missing allegations. For any Section 6851 claim, Plaintiff must identify a disclosure made by Defendant on or after October 1, 2022, including the approximate date, image or type of image, recipient or location, method, and facts connecting Defendant to the disclosure. For any Section 1983 claim, Plaintiff must identify the state actor, the alleged agreement or joint act, and the specific federal right allegedly violated. Plaintiff must state one cause of action per count and identify the factual paragraphs supporting each count. Plaintiff may reassert state law claims only if an amended complaint states a federal claim supporting original jurisdiction. A failure to do so may result in the Court dismissing this action *with prejudice*.[5]

## IV. CONCLUSION AND ORDER

Accordingly,

**IT IS** on this **24th** day of August, 2026,

**ORDERED** that Count I of the Third Amended Complaint, D.E. 32, is **DISMISSED *with prejudice*** under 28 U.S.C. § 1915(e)(2)(B)(ii) insofar as it is based on disclosures before October 1, 2022, and otherwise is **DISMISSED *without prejudice***; and it is further

---

[5] For the avoidance of doubt, even though Plaintiff has been granted IFP status, she may alternatively pay the filing fee for this action. At that point, her amended pleading would forgo a screening by the Court and proceed to service on Defendant.

**ORDERED** that Count X is **DISMISSED** ***without prejudice*** under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Counts II through IX are **DISMISSED** ***without prejudice*** under 28 U.S.C. § 1367(c)(3); and it is further

**ORDERED** that Plaintiff may file a Fourth Amended Complaint within **45 days** of this Memorandum Order; and it is further

**ORDERED** that summons shall not issue unless and until an amended complaint passes screening under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that, if Plaintiff does not timely file a Fourth Amended Complaint, the Clerk shall close this matter without further Order; and it is finally

**ORDERED** that the Clerk shall mail a copy of this Memorandum Order to Plaintiff by regular United States mail.

Evelyn Padin, U.S.D.J.